## GRAM vs. STEBBINS & STEBBINS.

The vendor or purchaser of stock sold on time, where the vendor did not own the stock at the time of the pretended sale thereof, may recover back the money paid for the difference in the market price of stock between the time of sale and the time appointed for the delivery of the stock. And he may also compel the adverse party to answer on oath a bill filed in the court of chancery to ascertain the facts in the case.

A contract made through the medium of a broker for the sale of stock on time, where the person for whom such sale is made is not the owner of the stock at the time of sale, is illegal, although the broker does not dis-close the name of the person for whom he makes the sale. And if the broker receives a premium for the difference in the market value of the stock thus sold the money may be recovered back from him, unless he had paid it over to his principal before he had any notice that the pretend-ed sale was illegal on the ground that the vendor did not own the stock he pretended to sell.

August 2. THIS was an appeal from a decision of the vice chancel-lor of the first circuit, overruling exceptions to a master's report upon exceptions to the defendants' answer for in-sufficiency.

*T. Fessenden*, for the complainant.

*F. B. Cutting*, for the defendants.

THE CHANCELLOR. The object of the bill in this cause is to recover back from the defendants a sum of money which, as he alleges, was placed by him in their hands, as brokers, for the purpose of gambling in stock for his bene-fit ; or in other words, to indemnify them for any losses which might accrue upon the sale of stock which they were to make for him on time, when he was not in fact the owner of any stock ; in violation of the statute against stock-jobbing or gambling in stock. (1 *R. S.* 710, § 6.)

1836.

Gram
v.
Stebbins.

There is no doubt as to the right of a party who has either bought or sold stock on time, when the vendor was not the owner of the stock at the time of such contract of sale, and who has advanced or paid any money as the premium or difference between the contract price of the stock and the nominal value thereof at the time when it was to be delivered, to recover back the money thus advanced or paid. And he may, if necessary, file a bill in this court and compel a discovery of the facts, to enable him to obtain a repayment of the money thus advanced or paid. A contract for the sale of stock on time, made through the medium of a broker, where the name of the seller is not disclosed, is equally within the mischief of the statute ; and any advance made to the broker for the purpose of paying any loss which may accrue upon such a sale on time may be recovered back from the broker, if the same had not been actually paid by him in pursuance of the illegal contract before he had notice not to pay, or was informed of such illegality. The defendants, therefore, were bound to answer every material allegation in this bill ; as the recovering back of monies advanced or paid for premiums upon such an illegal contract is neither a forfeiture, nor a penalty in the nature of a forfeiture, which can excuse them from answering on oath. If the matters embraced in the first and second exceptions had therefore been charged in the bill in the usual way, instead of being introduced by a whereas as a recital merely, or if there had been special interrogatories calling upon the defendants to answer as to the matters thus recited, this answer would have been insufficient. But from the manner in which this bill is framed, I think the defendants were not called upon to admit or deny the truth of those recitals. The case of *The Mechanics' Bank* v. *Levy*, (3 *Paige's Rep.* 606,) is an authority to sustain the decision of the master in overruling those two exceptions.

The third exception was properly overruled, as the matter of that exception was fully answered. This exception is not, as was supposed by the complainant's counsel, that the defendants have not answered as to the advance of the

$1500 for the specific purpose charged in the bill, but the exception is that they have not answered the allegation as to the advance of the money.

The matter of the fourth exception appears to be wholly immaterial, as it can make no difference whether the call upon the defendants for the return of the $1500 was upon the precise day mentioned in the bill, or at another time. It is not alleged that the complainant gave them notice, at that time or any other, that he never had any stock to sell, and that he intended for that reason to take advantage of the illegality of the contract which they had made for him as his brokers. The time, therefore, appears to be immaterial for any purpose.

The matter of the seventh exception is fully answered, as it is distinctly admitted that the defendants gave to the complaint a receipt, at the bottom of the account of the sale of the stock, in the words and figures set forth by him in his bill, a true copy of which is also annexed to the answer. They would not, therefore, be permitted to deny the fact that the paper writing and receipt which they afterwards obtained from the complainant and fraudulently detained, was the same account of sales and receipt set forth at length in the bill and in the schedule annexed to their answer.

The order appealed from was not erroneous; and it must be affirmed, with costs.